USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRINE CRUZETA-BUENO,

                      Petitioner,

           -v-

OSCAR AVILES, et al.,

                      Respondents.

------------------------------------------------------------------X

15 Civ. 1640 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On March 5, 2015, Brine Cruzeta-Bueno, a native and citizen of the Dominican Republic who has lived in the United States since 1997, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Department of Homeland Security ("DHS"). Dkt. 1 ("Petition").[1] In his Petition, Cruzeta-Bueno explained that DHS was detaining him under the asserted authority of 8 U.S.C. § 1226(c), which provides for the mandatory detention of certain aliens during removal proceedings. Cruzeta-Bueno argues that § 1226(c) does not apply to him because he was not detained "when . . . released" from custody for an enumerated offense, as the statute requires.

---

[1] This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 2241. Although Cruzeta-Bueno is presently detained in New Jersey, Petition ¶ 1, venue is proper in New York because the removal proceedings against him are pending in this District, and he filed the Petition while temporarily detained at 201 Varick Street in Manhattan, *id.* ¶ 6. *See Young v. Aviles*, No. 14 Civ. 9531 (JMF), 2015 WL 1402311, at *11 n.2 (S.D.N.Y. Mar. 26, 2015) ("[J]urisdiction and venue are proper, as Young was present in this District at the time that the petition was actually filed."); *Mendoza v. Muller*, No. 11 Civ. 7857 (RJS), 2012 WL 252188, at *2 (S.D.N.Y. Jan. 25, 2012) ("Although Petitioner is being held in New Jersey, jurisdiction is proper in this Court because he filed the petition while detained in New York in connection with his immigration proceedings."). Contrary to the Government's objection, Oscar Aviles—the warden of the New Jersey facility where Cruzeta-Bueno is detained—is a proper respondent because he is Cruzeta-Bueno's "immediate custodian." *See Khemlal v. Shanahan*, No. 14 Civ. 5186 (AJP), 2014 WL 5020596, at *2 n.3 (S.D.N.Y. Oct. 8, 2014) (citing, *inter alia*, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)).

On March 25, 2015, Cruzeta-Bueno filed a memorandum of law in support of his Petition. Dkt. 3 ("Pet. Br."). On April 2, 2015, after the Government was served and appeared in this action, the Court set a briefing schedule. Dkt. 6. That same day, however, the Government submitted a letter in response to Cruzeta-Bueno's Petition. Dkt. 7 ("Resp. Br."). On April 8, 2015, Cruzeta-Bueno submitted a letter reply. Dkt. 8 ("Pet. Reply").

In its letter, the Government, commendably, acknowledged that "Cruzeta-Bueno's petition raises essentially the same legal arguments on similar facts" as two cases this Court has decided previously: *Straker v. Jones*, 986 F. Supp. 2d 345 (S.D.N.Y. 2013), and *Vigniero v. Taylor*, No. 14 Civ. 1571, Dkt. 13. Resp. Br., at 3. In *Straker*, the Court engaged in a thorough analysis of § 1226(c) and concluded, *inter alia*, that DHS acquires the duty and authority to subject an alien there defined to mandatory detention "when," as the statute says, "the alien is released." *Straker*, 986 F. Supp. 2d at 352–56. The Court further concluded that an alien is "released" within the meaning of the statute when he or she is discharged from "physical restraint," such as imprisonment, that was imposed pursuant to a conviction for an enumerated offense. *Id.* at 356–63. Because the petitioner, Straker, had never been imprisoned or otherwise subjected to physical restraint pursuant to a conviction, the mandatory detention statute, § 1226(c), did not apply to him, and DHS could only continue to detain him during his removal proceedings under 8 U.S.C. § 1226(a), which requires a bond hearing. *Straker*, 986 F. Supp. 2d at 362–63. The Court, accordingly, granted Straker's petition for a writ of habeas corpus and directed DHS to provide him with a bond hearing within 10 days. *Id.* at 363. In *Vigniero*, the Government similarly conceded that the facts before the Court were materially indistinguishable from the facts in *Straker*. Because the Court found "no reason to revisit its considered decision," it granted Vigniero's petition for a writ of habeas corpus. No. 14 Civ. 1571, Dkt. 13, at 3.

Cruzeta-Bueno, like Straker and Vigniero, was never in physical custody following conviction for a removable offense. Rather, for various violations of New York criminal law, he has been sentenced to probation, license suspension, and a fine. Petition ¶ 9; Pet. Br., Ex. A, at 14–16, 18, 23. Accordingly, as this Court explained in *Straker*, § 1226(c) does not apply to Cruzeta-Bueno, and DHS cannot detain him without a bond hearing. *See Straker*, 986 F. Supp. 2d at 356–63, the reasoning of which is incorporated herein.[2] Although the Government expressed its disagreement with *Straker*'s holding that termination of a non-custodial sentence does not satisfy the "release" requirement of the mandatory detention statute, it stated that, "if the Court is inclined to follow its prior decisions, the Government recognizes that in the interests of conserving judicial and party resources, additional briefing may not be desired." Resp. Br. 4.

The Court thanks the Government for its candor and professionalism. The Government's concession saves valuable time for the Court and the parties and, most importantly, will allow Cruzeta-Bueno to have his bond hearing sooner. The Court agrees with the Government that the facts of this case are materially indistinguishable from the facts in *Straker* and *Vigniero*, and sees no reason to reconsider its prior decisions. Indeed, although the Second Circuit has yet to resolve this issue, *see Lora v. Shanahan*, No. 14-2343 (oral argument held in pending appeal on April 20, 2015), the emerging consensus in this District, following *Straker*, is that § 1226(c) applies only to aliens who were incarcerated or otherwise subjected to physical restraint pursuant to a conviction for an enumerated offense, *see Escrogin v. Tay-Taylor*, No. 14 Civ. 2856 (RJS), 2015 WL 509666, at *3–6 (S.D.N.Y. Feb. 5, 2015); *Figueroa v. Aviles*, No. 14 Civ. 9360 (AT), 2015 WL 464168, at *2–3 (S.D.N.Y. Jan. 29, 2015); *Martinez-Done v. McConnell*, No. 14 Civ.

---

[2] Because the Court grants Cruzeta-Bueno's Petition on this ground, it does not reach his other arguments. *See* Pet. Br. 7–20, 24–26.

3071 (SAS), 2014 WL 5032438, at *4–5 (S.D.N.Y. Oct. 8, 2014); *Masih v. Aviles*, No. 14 Civ. 0928 (JCF), 2014 WL 2106497, at *2–4 (S.D.N.Y. May 20, 2014); *Lora v. Shanahan*, 15 F. Supp. 3d 478, 491–93 (S.D.N.Y. 2014). These decisions provide further basis for the Court to adhere to its holdings in *Straker* and *Vigniero*.

Accordingly, the Court grants Cruzeta-Bueno's petition for a writ of habeas corpus. If DHS wishes to continue detaining Cruzeta-Bueno during his removal proceedings, it shall provide him with a bond hearing, consistent with § 1226(a), by May 15, 2015. The Clerk of Court is respectfully directed to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 5, 2015
       New York, New York

4